# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

MATTHEW SHAMBLIN,

    Plaintiff,

v.                                CIVIL ACTION NO. 5:19-cv-00674

RALEIGH GENERAL HOSPITAL, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the Defendant's Motion to Dismiss [Doc. 4] ("motion to dismiss") filed September 19, 2019. For the reasons stated within, the motion is granted as moulded.

## I.

On August 16, 2019, Plaintiff Matthew Shamblin instituted this action in the Circuit Court of Raleigh County [Doc. 1, Ex. A]. The Complaint alleges that Defendant Raleigh General Hospital, LLC ("Raleigh General") failed to provide Mr. Shamblin a "Final Notice" prior to his termination for absenteeism or tardiness [*Id.* at ¶ 8]. The Complaint alleges that a Final Notice is required under the Raleigh General Hospital Administration Policy (the "policy") and that Raleigh General enforced the policy "differently according to each employee" [*Id.* at ¶¶ 8, 9]. Raleigh General timely removed the action on the basis of diversity jurisdiction [Doc. 1] and thereafter moved to dismiss [Doc. 3]. Raleigh General asserts that the Complaint fails to state a claim under the West Virginia Human Rights Act, West Virginia Code § 5-11-2 (the "WVHRA"). Specifically, Raleigh General seeks dismissal inasmuch as the Complaint does not allege that Mr. Shamblin is a member of a protected class or that membership in a protected class played a role in his

termination [Doc. 4 at 3]. Raleigh General further contends that the Complaint fails to state a claim for breach of contract.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "plead facts sufficient to establish a prima facie case . . . to survive a motion to dismiss, but . . . the more stringent pleading standard established in *Iqbal* and *Twombly* applies." *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (citing *Twombly*, 550 U.S. at 569-70). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The Court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's

favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).[1] Lest one lose the forest for the trees, it bears emphasizing that, "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of th[e alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Woods*, 855 F.3d at 652 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

The WVHRA declares the right of "[e]qual opportunity in the area[] of employment . . . without regard to race, religion, color, national origin, ancestry, sex, age, blindness or disability." W. Va. Code § 5-11-2. "[T]he crux of a Human Rights Act discrimination claim is not simply that the plaintiff was discriminated against or treated differently; rather, it is that the discrimination was motivated by one of the impermissible factors stated in the Act." *Board of Educ. of the County of Tyler v. White*, 216 W. Va. 242, 246, 605 S.E.2d 814, 818 (2004). "[W]hether an employment decision was fair or made in accordance with pre-established procedures" is not determinative under the WVHRA. *Travis v. Alcon Labs, Inc.*, 202 W. Va. 369, 383, 504 S.E.2d 419, 433 (1998). Instead, the relevant inquiry is whether an employment decision was motivated by race, religion, color, national origin, ancestry, sex, age, blindness or handicap. *See id.*

In West Virginia, employees and employers alike are generally governed by the at-will employment doctrine. *Feliciano v. 7-Eleven, Inc.*, 210 W. Va. 740, 743, 559 S.E.2d 713, 717 (2001). As a result, "an at-will employee serves at the will and pleasure of his or her own employer and can be discharged at any time, with or without cause." *Id.* at 744, 559 S.E.2d at 718. The

---

[1] Mr. Shamblin requests that Raleigh General's motion to dismiss be held in abeyance because discovery has not yet been conducted with respect to several factual issues raised in the Complaint [Doc. 11 at 6]. But Mr. Shamblin enjoys a presumption in his favor with respect to all factual allegations contained in the Complaint. Inasmuch as a motion to dismiss addresses the sufficiency of the pleading rather than the resolution of disputed facts, the motion is ready for consideration.

employee and employer may alter the at-will relationship by a policy or provision in a separate document "if there is a definite promise" in that document "by the employer not to discharge the covered employee except for specified reasons." *Bine v. Owens*, 208 W. Va. 679, 682, 542 S.E.2d 842, 845 (2000). "[A]ny promises alleged to alter" the at-will relationship "must be *very definite* to be enforceable." *Suter v. Harsco Corp.*, 184 W. Va. 734, 737, 403 S.E.2d 751, 754 (1991) (emphasis in original). A promise by the employer, if sufficiently definite, is construed as a unilateral contract altering the nature of the employment relationship. *Id.* at 736, 403 S.E.2d at 753.

### III.

The Complaint alleges that Raleigh General misapplied the policy and applied it inconsistently among similarly situated employees [Doc. 1-1 at 6]. These allegations do not give rise to a plausible claim under the WVHRA absent an allegation that Raleigh General made an employment decision on a ground proscribed by the statute. The Complaint does not allege that Raleigh General treated Mr. Shamblin differently on the basis of his race, religion, color, national origin, ancestry, sex, age, blindness or disability.

Although the Complaint alleges in conclusory fashion that Raleigh General is "required" to abide by the policy [Doc. 1-1 at ¶ 16], legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 660, 680 (2009). Rather, a complaint must allege "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citation omitted). A copy of the policy is not attached to the Complaint, and that operative pleading lacks any factual allegations giving rise to a reasonable inference that the policy is binding. The Complaint does not allege any definite promise by Raleigh General to refrain from discharging Mr. Shamblin except for specified reasons.

*See Brine*, 208 W. Va. at 682, 542 S.E.2d at 845. Absent that, the Complaint fails to state a claim for breach of contract under West Virginia law. *See Reed v. Carrier Ent., LLC*, Civil Action No.: 3:15-cv-12605, 2016 WL 797581, at *4 (S.D. W. Va. Feb. 26, 2016) (unpublished) (internal quotation omitted) ("Plaintiff's claim fails because he has not alleged facts that [defendant's] Personnel Guidelines contained any definite promises sufficient to create a contract of employment.").

## IV.

Based upon the foregoing, the motion to dismiss **[Doc. 4]** is **GRANTED** as moulded. The Complaint **[Doc. 1-1]** is **DISMISSED** without prejudice. The action is retired to the inactive docket. Mr. Shamblin is granted leave to file an amended complaint by December 30, 2019. In the event an amended complaint is not filed within the prescribed period, the action will be dismissed with prejudice.

ENTERED: December 16, 2019

Frank W. Volk
United States District Judge