## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MATTHEW SHAMBLIN,

     Plaintiff,

v.                              CIVIL ACTION NO. 5:19-cv-00674

RALEIGH GENERAL HOSPITAL, LLC,

     Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending is Defendant Raleigh General Hospital, LLC's ("Raleigh General's") Motion to Dismiss Plaintiff's Amended Complaint [Doc. 21], filed January 13, 2020.

## I.

On December 16, 2019, the Court entered a Memorandum Opinion and Order [Doc. 17] dismissing Plaintiff Matthew Shamblin's Complaint [Doc. 1-1] for failure to state a claim. The Court reasoned that the Complaint failed to state a claim under the West Virginia Human Rights Act ("WVHRA") absent an allegation that Raleigh General treated Mr. Shamblin differently based upon a statutorily protected ground [Doc. 17 at 5]. The Court further reasoned that the Complaint failed to state a claim for breach of contract inasmuch as the pleading lacked factual allegations giving rise to a reasonable inference that the employment policy identified by Mr. Shamblin was binding [*Id.*]. The Court granted Mr. Shamblin leave to file an amended complaint on or before December 30, 2019; He did so [Doc. 18]. The Amended Complaint again alleges claims under the WVHRA and for breach of contract [*Id.*].

On January 13, 2020, Raleigh General filed the instant Motion to Dismiss Plaintiff's Amended Complaint [Doc. 21], requesting dismissal with prejudice. Raleigh General

contends that Mr. Shamblin's Amended Complaint fails to cure the defects identified in the Memorandum Opinion and Order. Mr. Shamblin asserts that the Complaint adequately states a claim to survive dismissal.

## II.

First, Mr. Shamblin asks that the motion to dismiss be held in abeyance pending discovery. For the reasons stated in the December 16, 2019, Memorandum Opinion and Order, the Court declines to hold the motion in abeyance.

Second, as noted in the preceding Memorandum Opinion and Order, Mr. Shamblin cannot state a plausible claim for relief under the WVHRA absent an allegation that Raleigh General made an employment decision on a ground proscribed by the statute. *See Board of Educ. of Cnty. of Tyler v. White*, 216 W. Va. 242, 246, 605 S.E.2d 814, 818 (2004) ("[T]he crux of a Human Rights Act discrimination claim is not simply that the plaintiff was . . . treated differently; rather, it is that the discrimination *was motivated* by one of the impermissible factors stated in the Act."). The Amended Complaint contains no such allegation, and Mr. Shamblin's response in opposition [Doc. 23] relies on contentions previously rejected by the Court. Mr. Shamblin has thus not stated a WVHRA claim.

Third, respecting Mr. Shamblin's claim for breach of contract, the claim was previously dismissed without prejudice "inasmuch as the pleading lacked factual allegations giving rise to a reasonable inference that the policy was binding" [Doc. 17 at 5]. The Court summarized the applicable law as follows:

> In West Virginia, employees and employers alike are generally governed by the at-will employment doctrine. *Feliciano v. 7-Eleven, Inc.*, 210 W. Va. 740, 743, 559 S.E.2d 713, 717 (2001). As a result, "an at-will employee serves at the will and pleasure of his or her own employer and can be discharged at any time, with or

without cause." *Id.* at 744, 559 S.E.2d at 718. The employee and employer may alter the at-will relationship by a policy or provision in a separate document "if there is a definite promise" in that document "by the employer not to discharge the covered employee except for specified reasons." *Bine v. Owens*, 208 W. Va. 679, 682, 542 S.E.2d 842, 845 (2000). "[A]ny promises alleged to alter" the at-will relationship "must be *very definite* to be enforceable." *Suter v. Harsco Corp.*, 184 W. Va. 734, 737, 403 S.E.2d 751, 754 (1991) (emphasis in original). A promise by the employer, if sufficiently definite, is construed as a unilateral contract altering the nature of the employment relationship. *Id.* at 736, 403 S.E.2d at 753.

[Doc. 17].

Attached to Mr. Shamblin's Amended Complaint is Raleigh General's Administrative Policy [Doc. 18, Ex. A]. The policy's stated purpose is that "[g]ood attendance is important to the efficient operation of [Raleigh General] and is an essential component of solid employee performance . . . . In order to maintain a fair and reasonable work environment . . . it is imperative that this absenteeism policy be applied equitably to all employees" [*Id.* at 2]. In pertinent part, the policy states that "Unexcused Absences and Tardies will be monitored sequentially in a rolling twelve-month period" and includes the following chart:

| Occurrences per 12 month rolling period | Disciplinary Action |
| --- | --- |
| 3 | First Level Warning - Written |
| 4 | Final warning |
| 5 | Termination |

[*Id.*]. The Amended Complaint alleges these are "certain and specific procedures that must be followed prior to terminating" an employee [Doc. 18 at 6]. This conclusory allegation need not be assumed true at this stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). On its face, the policy does not contain a "definite promise . . . not to discharge the covered employee except for specified reasons." *Bine*, 542 S.E.2d at 845; *see Suter*, 403 S.E.2d at 754 ("[A]ny promises alleged to alter" the at-will relationship "must be *very definite* to be enforceable.") (emphasis in original). This requirement preserves the nature of the at-will relationship while allowing employers to issue

policies so long as said policies do not offer definite promises to the employee. *See Bine*, 542 S.E.2d at 845. The absence of such a definite promise here is determinative.

The parties dispute whether the Court can consider Raleigh General's employee handbook at this stage. The handbook contains a disclaimer stating that all policies "are statements of general policy and do not create or imply a contract or a guarantee for continued employment" [Doc. 22 at 7]. It contains a separate disclaimer acknowledging that Raleigh General may "terminate my employment relationship at will, with or without cause or notice" [*Id.*]. Under West Virginia law, a "clear and prominent disclaimer" will protect an employer from liability of this sort. Syl. Pt. 5, *Suter*, 403 S.E.2d at 751. The handbook is not attached as an exhibit to the Amended Complaint and Mr. Shamblin raises questions as to whether he received the handbook or acknowledged its receipt. The Court need not consider the handbook or its disclaimers at this stage as the policy itself does not contain a definite promise under West Virginia law.

## III.

Accordingly, Defendant's Motion to Dismiss **[Doc. 21]** is **GRANTED**. Plaintiff's Amended Complaint **[Doc. 18]** is **DISMISSED** with prejudice.

The Clerk is directed to send a copy of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTERED: April 6, 2020

Frank W. Volk
United States District Judge